1
2
3
4
5
6
7                       IN THE UNITED STATES DISTRICT COURT

8                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                SAN JOSE DIVISION

10

11    Hilda Quinones,                          NO. C 05-01099 JW

12             Plaintiff(s),

13        v.                                    **ORDER GRANTING PLAINTIFF'S**
                                                **MOTION TO REMAND**
14    Target Stores, et al.,

15             Defendant(s).
      _____/
16

## I.  INTRODUCTION

17        This lawsuit arises out of an employment dispute between Plaintiff Hilda Quinones

18    ("Plaintiff") and Defendant Target Corporation (aka Target Stores) ("Defendant"), Plaintiff's former

19    employer.  Plaintiff originally filed this lawsuit in Monterey County Superior Court.  Defendant

20    removed.  Presently before this Court is Plaintiff's Motion to Remand.  (See Plaintiff's Motion to

21    Remand, hereinafter Plaintiff's Motion, Docket Item No. 14.)  This Court finds it appropriate, pursuant

22    to Civil L.R. 7-1(b), to take Plaintiff's Motion under submission, without oral argument, for a decision

23    based upon the papers filed by the parties.  For the reasons set forth below, this Court GRANTS

24    Plaintiff's Motion.

25                                ## II.  BACKGROUND

26        Defendant owns and operates a retail store in Salinas, California, which employs

27    approximately 150 employees.  (Declaration of Natalie A. Beccia in Support of Defendant's

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Opposition to Plaintiff's Motion, hereinafter Beccia Decl., Docket Item No. 17, Ex. A ¶ 1.)  Plaintiff

2  was an employee in that store.  Originally, Plaintiff was hired in 1994 to work as a sales clerk.

3  (Beccia Decl. Ex. A ¶ 2.)  By 1998, Plaintiff had been promoted to a signing supervisor; in 1999,

4  Plaintiff was promoted to a sales supervisor.  (Beccia Decl. Ex. A ¶ 2.)  Plaintiff received favorable

5  performance reviews and regular pay increases.  (Beccia Decl. Ex. A ¶ 2.)

6      During the course of her employment, Plaintiff sustained three injuries.  First, on March 18,

7  1996, Plaintiff injured her back while stepping down a ladder.  (Declaration of Alfred Lombardo,

8  hereinafter Lombardo Decl., Docket Item No. 14, Ex. 1; Beccia Decl. Ex. A ¶ 3.)  Second, on March

9  11, 2000, Plaintiff slipped and fell and injured her "left lower extremity[] [and] upper extremity."

10  (Lombardo Decl. Ex. 2; Beccia Decl. Ex. A ¶ 3.)  Third, on April 21, 2003, Plaintiff was struck by a

11  falling box and injured her "[h]ead, neck and left shoulder."  (Lombardo Decl. Ex. 3; Beccia Decl. Ex.

12  A ¶ 3.)  On July 11, 2003, only a few months after Plaintiff sustained injuries to her head, neck, and

13  left shoulder, "defendants' human resources manager Robert Banuelos informed plaintiff that she could

14  no longer work for Target Stores because the defendants did not want supervisors with disabilities."

15  (Beccia Decl. Ex. A ¶ 4.)

16                          **III.  STANDARDS**

17      A motion to remand is the proper procedure for challenging removal.  WILLIAM W.

18  SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE

19  TRIAL § 2:1081 (2005).  If at any time before final judgment it appears that the district court lacks

20  subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  The defendant seeking

21  removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction.

22  Id. § 2:609.  Removal statutes are construed restrictively, so as to limit removal jurisdiction.  Ethridge

23  v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988) ("[T]he removal statute is strictly

24  construed against removal jurisdiction").  Doubts as to removability are resolved in favor of

25  remanding the case to state court.  SCHWARZER ET AL., supra, § 2:606 (citing Shamrock Oil & Gas

26  Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) and Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

27

28                                  2

1992)).  Civil actions arising under a state's workers' compensation laws are not removable.  28
U.S.C. § 1445(c).

## IV.  DISCUSSION

### A.  Plaintiff's Claim(s) Is/Are Unclear

Although the facts underlying Plaintiff's Complaint are clear, Plaintiff's precise claims for
relief are not clear.  Unlike a typical complaint, which clearly enumerates a plaintiff's claims for relief
under separate headings, Plaintiff's Complaint here fails to clearly enumerate Plaintiff's claim(s) for
relief.  See FED. R. CIV. P. 8 ("A pleading which sets forth a claim for relief . . . shall contain . . . a
short and plain statement of the claim showing that the pleader is entitled to relief").  Instead,
Plaintiff's factual averments bleed into her prayer for relief.  (See Defendant's Opposition to Plaintiff's
Motion, hereinafter Defendant's Opposition, Docket Item No. 15, at 1:16 ("The Complaint does not
specify individual causes of action").)

### 1.  Plaintiff's "Claim" Under California's Fair Employment and Housing Act

On the one hand, it seems, Plaintiff attempts to state a claim under California's Fair
Employment and Housing Act ("FEHA").  (See Beccia Decl. Ex. A ¶ 8 ("As a result of defendants'
unlawful discrimination in violation of California Government Code Section 12900 et seq. [i.e.,
FEHA], . . . plaintiff has suffered, and will continue to suffer for an indefinite time in the future, a loss
of earnings"); Beccia Decl. Ex. A at 3:21-27 ("WHEREFORE, plaintiff prays for judgment against
defendants for: . . . Attorney's fees pursuant to Government Code Section 12900 [i.e., FEHA], et
seq.").)

### 2.  Plaintiff's Tameny "Claim"

However, as Defendant points out, it also appears as though Plaintiff attempts to state, what
California courts call, a Tameny claim[1] for wrongful termination in violation of public policy.
(See Defendant's Opposition at 5:17-8:8.)

---

[1] See Tameny v. Atl. Richfield Co., 27 Cal. 3d 167 (1980).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1

**3.  Plaintiff's "Claim" Under CAL. LAB. CODE § 132a**

2      However, Plaintiff purports to state a claim under CAL. LAB. CODE § 132a, which prohibits

3   employers from discriminating against employees who pursue their rights under California's workers'

4   compensation laws.  (See Plaintiff's Motion at 6:11-12 ("Plaintiff's complaint alleges that defendant's

5   conduct violated . . . California Labor Code § 132a").)  Defendant disputes that Plaintiff states such a

6   claim.  (See Defendant's Opposition at 3:4-4:13.)  Defendant argues that Plaintiff fails to "allege facts

7   to suggest that she was discriminated against or terminated because she sought worker's compensation

8   benefits."  (Defendant's Opposition at 3:28-4:1.)

9      **4.  It Is Unclear as to What Claims, Exactly, Plaintiff Is Asserting, But Plaintiff
     Potentially Asserts a Claim Under CAL. LAB. CODE § 132a**

10     Frankly, Plaintiff's poor, open-ended pleading makes it difficult for this Court to discern what

11  claims, exactly, she is asserting.  Plaintiff may be asserting any one (or any combination) of the claims

12  discussed above.  (See, supra, Parts IV.A.1-IV.A.3.)  Perhaps Plaintiff is asserting claims not hitherto

13  discussed.  At the very least, Plaintiff's Complaint potentially asserts a claim under CAL. LAB. CODE §

14  132a.  In fact, Paragraph 5 of Plaintiff's Complaint explicitly references § 132a:  "The defendants'

15  adverse actions against the plaintiff also violated a fundamental public policy of the State of

16  California embodied in California Labor Code § 132a which prohibits employers from taking adverse

17  action against an employee because she sustained a work injury or filed a workers' compensation

18  claim."  (Beccia Decl. Ex. A ¶ 5.)

19  **B.  A Claim Under CAL. LAB. CODE § 132a Is Not Removable**

20     Courts have held that a claim brought under CAL. LAB. CODE § 132a is one that "arises under"

21  the workmen's compensation laws of California.  See Fucci v. Pac. Bell Tel. Co., No. C-00-3721

22  PJH, 2001 WL 182377, at *4 (N.D. Cal. Feb. 5, 2001) (J. Hamilton) ("Accordingly, based on the

23  statutory language, the interpretation of the California Supreme Court, and the reasoning of the federal

24  circuits that have addressed the issue, the court finds that Labor Code § 132a is a law 'arising under'

25  the workers' compensation laws of the State of California").  Pursuant to 28 U.S.C. § 1445(c), civil

26  actions "arising under" the workmen's compensation laws of a state may *not* be removed.  28 U.S.C. §

27

28                                    4

**United States District Court**
For the Northern District of California

1    1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such

2    State may not be removed to any district court of the United States").  In fact, some courts have held

3    that § 1445(c)'s proscription against removal is so strong that claims "arising under" a state's

4    workmen's compensation laws are nonremovable--even as pendent claims to a claim that is otherwise

5    within a federal court's original jurisdiction.  See Hummel v. Kamehameha Schools/Bernice Pauahi

6    Bishop Estate, 749 F. Supp. 1021, 1029 (D. Haw. 1990).

7       Given that removal statutes are construed restrictively, that all doubts as to removability must

8    be resolved in favor of remand, that claims arising under states' workmen's compensation laws are

9    nonremovable, that Plaintiff's claim(s) is/are opaque, and that Plaintiff potentially states a claim under

10    CAL. LAB. CODE § 132a (which arguably "arises under" California's workmen's compensation laws),

11    this Court grants Plaintiff's Motion.  If, through an amended pleading, motion, order, or other paper,

12    Defendant later learns that this lawsuit is in fact removable, it may file a notice of removal pursuant to

13    28 U.S.C. § 1446.  At this point, however, this Court simply cannot tell what claim(s) Plaintiff is/are

14    asserting.

**V.  CONCLUSION**

16       For the reasons set forth above, this Court GRANTS Plaintiff's Motion to Remand.

17    Dated:  May 17, 2005                 /s/James Ware
                                       JAMES WARE

18    05cv1099mtr                               United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alfred  Lombardo allombardo@rolmlaw.com
Natalie A. Beccia nbeccia@cdflaborlaw.com

**Dated:  May 17, 2005**                                        **Richard W. Wieking, Clerk**


                                                               **By:/s/JWchambers_____**
                                                                      **Ronald L. Davis**
                                                                      **Courtroom Deputy**

United States District Court
For the Northern District of California